IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BENJAMIN SANCHEZ HERRERA,**          *

    **Petitioner,**          *

v.          *          **Civ. No. DLB-26-729**

**KRISTI NOEM,** *et al.*,          *

    **Respondents.**          *

## ORDER

Benjamin Sanchez Herrera, a citizen of Mexico, entered the U.S. without inspection in 2008. ECF 1, ¶ 30. On February 22, 2026, Sanchez was arrested by Immigration and Customs Enforcement ("ICE") in Prince George's County and presented with a warrant of arrest and notice to appear in removal proceedings. *Id.* ¶ 32; ECF 4, at 1. He filed this petition for a writ of habeas corpus while detained in Baltimore. He does not have a final order of removal.

Sanchez argues that his detention violates his due process rights. He further argues that he is subject to detention under 8 U.S.C. § 1226(a), which permits those detained under its authority to receive bond hearings before an immigration judge, and that he is not subject to mandatory detention. ECF 1, ¶ 37. Sanchez seeks, among other things, an order requiring the respondents to provide him a bond hearing within 15 days. *Id.* ¶ e (prayer for relief).

Upon consideration of the petition for a writ of habeas corpus, ECF 1, the notice filed jointly by the parties, ECF 4, and prior decisions by this Court and by judges in this district with which this Court agrees, *see, e.g.*, ECF 11 in *Shemondi Meles v. Noem*, No. PX-25-3402 (D. Md. Jan. 15, 2026); ECF 10 in *Machado-Meza v. Bondi*, No. TDC-26-424 (D. Md. Feb. 18, 2026), the Court finds that further briefing and a hearing are not necessary.

The Court finds that Sanchez is detained under 8 U.S.C. § 1226(a) and is not subject to mandatory detention under 8 U.S.C. § 1225(b). Sanchez may request and is entitled to a bond hearing before an immigration judge consistent with 8 C.F.R. §§ 236.1(d), 1003.19 and 1236.1(d), at which the immigration judge shall decide the merits of Sanchez's request for release from custody. The Court understands that an immigration judge may conclude that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025)—in which the BIA held that immigration judges lack authority to consider bond requests filed by noncitizens who entered the United States without inspection—applies to Sanchez. To the extent an immigration judge so concludes, however, the Court disagrees with the holding in *Yajure Hurtado* and agrees with the vast majority of federal district courts that have held *Yajure Hurtado* was wrongly decided. *See, e.g.*, *Hernandez-Lugo v. Bondi*, No. GLR-25-3434, 2025 WL 3280772, at \*6 (D. Md. Nov. 25, 2025); *Afghan v. Noem*, No. SAG-25-4105, 2025 WL 3713732, at \*2 (D. Md. Dec. 23, 2025); *Maldonado v. Baker*, No. TDC-25-3084, 2025 WL 2968042, at \*4 (D. Md. Oct. 21, 2025); *H.G.V.U. v. Smith*, No. 25-cv-10931, 2025 WL 2962610, at \*5 (N.D. Ill. Oct. 20, 2025); *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at \*7 (W.D. Ky. Nov. 4, 2025); *Lopez Vasquez v. Noem*, No. 5:25-cv-3087-FWS-SP, 2025 WL 4056018, at \*5 (C.D. Cal. Nov. 19, 2025). Moreover, *Yajure Hurtado* has been vacated and cannot serve as a basis for denying Sanchez relief. *See* ECF 116 in *Maldonado Bautista, et al. v. Santacruz, et al.*, No. 5:25-cv-1873-SSS-BFM (C.D. Cal. Feb. 18, 2026). If the immigration court concludes that it lacks jurisdiction to consider the merits of Sanchez's bond request on the basis of *Yajure Hurtado* or any other decision concluding that noncitizens who have entered without inspection are subject to detention under § 1225(b)(2), Sanchez will not receive the process to which this Order entitles him.

Therefore, it is this 26th day of February, 2026, in the United States District Court for the District of Maryland, hereby ORDERED that:

1. Sanchez's petition for a writ of habeas corpus IS GRANTED in part;

2. Sanchez SHALL FILE a motion seeking a bond hearing consistent with this Order, and the bond hearing SHALL BE HELD within 15 days of the filing of Sanchez's motion;

3. The bond hearing MAY BE conducted by any immigration court with jurisdiction or administrative control over Sanchez's detention and need not be conducted in Maryland;

4. The bond hearing MUST COMPLY in all respects with the regulations at 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d) and any attendant process available pursuant to those provisions;

5. If a bond hearing *is held*, the parties shall file a status report with the Court as soon as possible, and not later than 7 days after the bond hearing is held, reporting the results and compliance with this Court's Order and indicating whether the case should be closed;

6. If a bond hearing *is not held*, Sanchez shall file a status report with the Court within 16 days of the filing of his motion seeking a bond hearing;

7. If Sanchez is not provided a bond hearing, at which the merits of his request for release are reached, within 15 days of the filing of his motion, the respondents SHALL RELEASE Sanchez from detention, and such release SHALL BE subject to the same conditions that applied before Sanchez's February 22, 2026 arrest;

8. Sanchez's request for costs is denied; and

9. The Court SHALL RETAIN jurisdiction over this matter to enforce compliance with this Order.

_____
Deborah L. Boardman
United States District Judge

Case 1:26-cv-00729-DLB   Document 5   Filed 02/27/26   Page 4 of 4

4